```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 07-61700-CIV-ZLOCH
```

TRUSTEES OF MIAMI IRONWORKERS
LOCAL 272 PENSION FUND, et al.,

    Plaintiffs,

vs.                                              **O R D E R**

AMALGAMATED GLASS, INC.,

    Defendant.
_____/

    THIS MATTER is before the Court upon Plaintiffs' Memorandum Of Law Supporting Affidavit Of Reasonable Attorney's Fees (DE 28), which the Court construes as a Motion For Attorney's Fees. The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiffs represent the interests of the Miami Ironworkers Pension Fund. They filed suit under the Labor Management Relations Act, 28 U.S.C. § 185, and The Employee Retirement Income Security Act, 29 U.S.C. § 1132, <u>et seq.</u>, seeking, <u>inter alia</u>, to audit Defendant's records as they pertain its contributions into a multi-employer retirement plan. In the process of prosecuting this action, Plaintiffs filed an Omnibus motion for summary judgment and to compel the production of certain documents. <u>See</u> DE 15 & 16. Subsequent to filing the initial Motion To Compel (DE 16) Defendant's Answer was stricken and the Court entered default. <u>See</u> DE 22. Thereafter, Plaintiffs filed a renewed Motion To Compel (DE 23), in which they informed the Court that they could not submit a

motion for default final judgment until they received discovery from Defendant.

The Court then granted Plaintiff's Motions To Compel (DE Nos. 16 & 23) under the Federal Rules of Civil Procedure governing discovery, but did not address the issues raised in Plaintiffs' Motion For Summary Judgment (DE 15).  Pursuant to Rule 37 the Court ordered Plaintiffs to file a memorandum that reflected the fees and costs incurred in preparation and execution of their Motions To Compel (DE 16 & 23).  This is clearly delineated in the Court's Order as it refers only to the docket entries pertaining to the same and does not reference Plaintiffs' Motion For Summary Judgment.  However, in the instant Motion, Plaintiffs seek fees incurred in preparation of its Motion For Summary Judgment (DE 15) as well as its Motions To Compel.  While Plaintiffs may be entitled to fees for motions other than those brought under the federal rules governing discovery, the Court is powerless at this time to award the same.

Therefore, the Court shall award Plaintiffs' attorney's fees in an amount of 3 hours for preparing said Motions (DE Nos. 16 &23) at a lodestar of $250.00 an hour, for a total award of $750.00.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Memorandum Of Law Supporting Affidavit Of Reasonable Attorney's Fees (DE 28), which the Court construes as a

Motion For Attorney's Fees be and the same is hereby **GRANTED**; and

    2.  Plaintiff Trustees of Miami Ironworkers Local 272 does have and recover from Defendant Amalgamated Glass, Inc. the sum of $750.00, for all of which let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___30th___ day of April, 2008.

                                         /s/ William J. Zloch  
                                        WILLIAM J. ZLOCH  
                                        United States District Judge

Copies furnished:

All Counsel and Parties of Record