```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 07-61700-CIV-ZLOCH
```

TRUSTEES OF MIAMI IRONWORKERS
LOCAL 272 PENSION FUND,
TRUSTEES OF SOUTHEASTERN,
IRONWORKERS HEALTH PLAN,
TRUSTEES OF IRONWORKERS LOCAL
272 JATC TRUST FUND.

      Plaintiffs,

vs.                                           **DEFAULT FINAL JUDGMENT**

AMALGAMATED GLASS, INC.,

      Defendant.
_____/

THIS MATTER is before the Court upon Plaintiffs' Motion For Final Judgment By Default (DE 30). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

Plaintiffs represent the interests of the Miami Ironworkers Pension Fund. They filed suit under the Labor Management Relations Act, 28 U.S.C. § 185, and The Employee Retirement Income Security Act, 29 U.S.C. §§ 1132, et seq., seeking, inter alia, to audit Defendant's records as they pertain to its contributions into a multi-employer retirement plan. In the process of prosecuting this action, Defendant, a corporation, failed to retain counsel. The Court appraised Defendant that as a corporation it could not appear pro se and that upon its failure to retain counsel the Court would strike its Answer and enter a default against it, which the Court did. See DE 22. Thereafter, the Court directed Plaintiffs to file the instant Motion, complete with Affidavits and Exhibits

establishing Plaintiffs' damages.  In addition, Plaintiffs have served a copy of this Motion upon Defendant and over three days have passed since it was served.  Fed. R. Civ. Rule 55(b)(2).

The sole issue the Court takes with Plaintiff's Motion is its request for post-judgment interest at a rate of twenty percent (20 %) per annum.  Plaintiff represents that said rate was agreed to by the Parties, and is otherwise provided for by statute.  First, nothing in the statute provides for an interest rate of 20% to be assessed on a party against whom judgment is entered.  29 U.S.C. § 1132(g)(2)(c)(i)-(ii)(2006)  (allowing for an option between interest on the contributions and liquidated damages <u>not in excess of</u> 20% of the unpaid contribution).  Second, the Parties' Collective Bargaining Agreement (DE 1, Ex. A, § 12.3.1) does not provide for such an interest rate.  Rather, it states, in pertinent part, that

> [i]n any action . . . in which judgment in favor of the Fund is awarded, the Employer shall be required to pay, in addition to the unpaid contributions, interest on the unpaid contributions and attorney's fees and costs of this action, whichever is greater of (a) interest on the unpaid contributions at the rate of 15% per annum, and (b) liquidated damages of 20% of the unpaid amount, whichever is greater.

<u>Id.</u>  This clause's confusing drafting makes it difficult for the Court to ascertain the precise penalties to be imposed in the event of a breach. However, two things are clear: the phrase "whichever is greater" makes Plaintiffs the master of their damages; second, the interest rate is fixed at 15%, not 20%.  The later rate is

2

limited to liquidated damages.

Therefore, the Court shall award interest on the unpaid contribution at a rate of 15%.  Further, because the clause is silent as to the interest rate that attaches to the already accrued pre-judgment interest, the Court shall award Plaintiffs interest at the normal rate that attaches to Judgments.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Court has personal jurisdiction over the parties hereto and the subject matter herein;

2. Plaintiffs' Motion For Final Judgment By Default (DE 30) be and the same is hereby **GRANTED**;

3. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment be and the same is hereby **ENTERED** in favor of Plaintiffs Trustees of Miami Ironworkers Local 272 Pension Fund, Trustees of Southeastern Ironworkers Healthcare Plan, Trustees of Ironworkers Local 272 JATC Trust Fund and against Defendant Amalgamated Glass, Inc.;

4. Plaintiff Trustees of Southeastern Ironworkers Healthcare Plan does have and recover from Defendant Amalgamated Glass, Inc. the amount of $63,377.49, together with interest thereon from the date of this Default Final Judgment at the rate of 15.00% per annum, for all of which let execution issue;

4. Plaintiff Trustees of Miami Ironworkers Local 272 Pension Fund and Plaintiff Trustees of Ironworkers Local 272 JATC Trust

Fund do have and recover from Defendant Amalgamated Glass, Inc. the amount of $124,462.26, together with interest thereon from the date of this Default Final Judgment at the rate of 15.00% per annum, for all of which let execution issue;

5.  Plaintiff Trustees of Southeastern Ironworkers Healthcare Plan does have and recover from Defendant Amalgamated Glass, Inc. the amount of $14,198.69, together with interest thereon from the date of this Default Final Judgment at the rate of 1.67% per annum, for all of which let execution issue;

6.  Plaintiff Trustees of Miami Ironworkers Local 272 Pension Fund and Plaintiff Trustees of Ironworkers Local 272 JATC Trust Fund do have and recover from Defendant Amalgamated Glass, Inc. the amount of $7,207.25, together with interest thereon from the date of this Default Final Judgment at the rate of 1.67% per annum, for all of which let execution issue;

7. Plaintiffs collectively do have and recover from Defendant Amalgamated Glass, Inc. attorney's fees and costs in the amount of $41,505.90 for all of which let execution issue; and

8. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___7th___ day of May, 2008.

*[signature]*
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:
All Counsel and Parties of Record

4